IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RICHARD VAYDA, an individual,** on behalf of himself and others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:17-cv-408<br><br>JUDGE BENITA Y. PEARSON<br><br>**PLAINTIFF'S SECOND AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |
| Plaintiff, | |
| v. | |
| **R&J TRUCKING CO., INC.,** | |
| and | |
| **RON CAROCCE TRUCKING COMPANY, INC.** | |
| Defendants. | |

Plaintiff Richard Vayda ("Plaintiff"), by and through counsel, for his Second Amended Collective Acton Complaint against Defendants R&J Trucking Co., Inc., and Ron Carrocce Trucking Company, Inc. states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) (the "Collective Class").

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Richard Vayda is an adult individual residing in Lorain County, Ohio.

6. Mr. Vayda brings this collective action on behalf of himself and the Collective Class, defined as the following persons: "All workers who were employed by Defendants as a driver and transported non-hazardous, non-recyclable waste in interstate and/or intrastate commerce and who did not receive overtime for hours worked over forty (40) per workweek during the last three years."

7. Defendant R&J Trucking is a for-profit Ohio corporation that maintains its principal place of business in Boardman, Ohio. Defendant R&J Trucking can be served through its registered statutory agent, Mark A. Carrocce, 8063 Southern Blvd., Boardman, Ohio 44512.

8. Defendant Ron Carrocce Trucking Company, Inc. is a for-profit Ohio corporation that maintains its principal place of business in Youngstown, Ohio. Defendant Ron Carrocce Trucking can be served through its registered statutory agent, Ron Carrocce, 8063 Southern Blvd., Youngstown, Ohio 44512.

9. During all times material to this complaint, Defendants were each an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

10. During all times material to this complaint, Plaintiff and the putative collective members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(d).

## FACTS

11. Upon information and belief, Defendants are in the business of hauling bulk items, including non-hazardous, non-recyclable materials.

12. Plaintiff worked for Defendants from May 2016 to October 2016 as a driver. As a driver, Mr. Vayda transported non-hazardous, non-recyclable waste. Mr. Vayda picked his load up in Solon, Ohio and transported it to the Oberlin, Ohio landfill. Mr. Vayda never crossed state lines.

13. At all relevant times, Plaintiff and the putative collective members were non-exempt employees and entitled to be paid for all hours worked and at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

14. The FLSA required Defendants to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117.

15. At all relevant times, Defendants failed to pay Plaintiff, the Collective Class at a rate of one and a half times their regular rate for hours worked in excess of forty (40) in a workweek.

16. Plaintiff and the Collective Class routinely worked in excess of forty (40) hours in a workweek.

17. The identity of all of the members of the Collective Class is unknown at this time, but is known to Defendants and is set forth in Defendants' records. Plaintiff is entitled to review these records and identify the putative collective who have a right to join this action.

3

18. The exact amount of compensation, including overtime compensation, which Defendants have failed to pay the Plaintiff and the putative collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

19. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime and minimum wages owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff and the putative collective members are entitled to submit their information about the number of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff repeats the allegations set forth above and incorporates them herein by reference.

21. Plaintiff brings this action on behalf of himself and "All workers who were employed by Defendants as a driver and transported non-hazardous, non-recyclable waste in interstate and/or intrastate commerce and who did not receive overtime for hours worked over forty (40) per workweek during the last three years." (the "Collective Class").

22. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

## CLAIM FOR RELIEF

**Violation of Fair Labor Standards Act ("FLSA")**
**(Collective Action)**

23. Plaintiff repeats the allegations set forth above and incorporates them herein by reference.

4

24. Defendants are each an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

25. As employees for Defendants, Plaintiff and the putative collective members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

26. Plaintiff and the putative collective members do not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

27. Throughout Plaintiff's and the putative collective members' employment, Defendants have known that Plaintiff and the putative collective members are not exempt from the wage and overtime obligations imposed by the FLSA. Defendants have known that it is required to pay Plaintiff and the putative collective members for all hours worked. In spite of such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff and the putative collective members are entitled.

28. Pursuant to the FLSA, Plaintiff and the putative collective members are entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times their regular rate. Because the Defendants' failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the putative collective members are entitled to these wages dating back three years.

29. The identity of all the putative collective members is unknown at this time, but is known to Defendants, and is set forth in Defendants' records. Plaintiff is entitled to review these records and immediately identify the putative collective members who have a right to join this collective action.

30. The exact amount of compensation, including overtime compensation that Defendants have failed to pay the Plaintiff and the putative collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

31. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff and the putative collective members are entitled to submit their information about the number of hours worked.

32. Defendants' failure to pay Plaintiff and the putative collective members' compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the putative collective members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

33. Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff and the putative collective members' proper compensation. As such, Plaintiff and the putative collective members are entitled to attorney fees and costs incurred pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

6

B. Enter judgment against Defendants and in favor of Plaintiff and other members of the Collective Class;

C. Award compensatory damages to Plaintiff and other members of the Collective Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount; and

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

NILGES DRAHER LLC

*/s/ Shannon M. Draher*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Michaela M. Calhoun (0093546)
7266 Portage Street, N.W., Suite D
Massillon, Ohio  44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Shannon M. Draher*
Shannon M. Draher

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9rd day of November 2017 the foregoing *Plaintiff's Second Amended Collective Action Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      */s/ Shannon M. Draher*
      Shannon M. Draher
      *Counsel for Plaintiff*